In the Matter of Joshua Adam BLACK, a Minor, Sondra J. Estle, Appellant,

v.

Lori BLACK, Respondent.

No. WD 44793.

Missouri Court of Appeals, Western District.

Feb. 18, 1992.

William L. Hubbard, Justine E. Del Muro, The Popham Law Firm, Kansas City, for appellant.

William Michael Quitmeier, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

TURNAGE, Presiding Judge.

Sondra Estle filed an application to be appointed the guardian of her grandson, Joshua Black. The court denied the petition and Estle contends that the court erred in holding that she was required to allege that the mother had been previously adjudged unfit to serve as guardian. Affirmed.

The application for guardian alleged that Joshua was born April 11, 1989, and required the appointment of a guardian of the person because the parents are unfit. Filed concurrently with the application for appointment of guardian was a petition for temporary custody which alleged that the mother of Joshua had neglected to properly care for him and requested that temporary custody be granted to Estle. There was no allegation in the application for guardianship or in the petition for temporary custody touching the qualification of the mother to act as guardian.

Estle is the maternal grandmother of Joshua and lives in Jacksonville, Florida. She alleged that she had made application to the courts in Florida to be appointed guardian of Joshua but that that application had been denied because the court found that Missouri had jurisdiction of Joshua.

There was no evidence presented in support of the application or petition for temporary custody but only arguments of counsel. However, the parties do not dispute the facts and argue only a question of law. Section 475.030.4(2), RSMo 1986, provides that letters of guardianship of the person of a minor may be granted when the parents, or the sole surviving parent of a minor is unwilling, unable, or adjudged unfit to assume the duties of guardianship. The court took the position that the application did not properly allege the unfitness of the mother of Joshua to serve as guardian.

Estle contends that it was not necessary to allege in the application that the mother had previously been adjudged unfit to serve as guardian but that her unfitness could be established in the hearing on the application for guardianship. Estle has failed to recognize the distinction between alleged unfitness to have custody of Joshua and unfitness to serve as a guardian. The only allegation in the application for guardianship was that the mother is unfit. Although the form for appointment of guardian which the grandmother used contains the statutory words "the parents are deceased or unfit or unwilling or unable to assume duties of guardianship," every-

thing was stricken except "the parents are unfit." Thus, the application made no allegation that the mother was unfit to serve as guardian. The petition for temporary custody likewise made no allegation of the fitness of the mother to assume the duties of guardianship but was limited to allegations about the lack of care which the mother had given to Joshua.

In *In re Dugan*, 309 S.W.2d 145, 148–49[2–5] (Mo.App.1957), the court held that "[t]he power to appoint guardians is purely statutory. It must be exercised in the manner prescribed, and the application must be made in accordance with the statutes." The court further held that a court could not appoint a guardian without following the procedure required by statute and a part of the inquiry concerning the jurisdiction of the court is whether or not a party has taken the necessary steps by filing a pleading that will enable the machinery of the court to be put in motion. *Id.*

Section 475.030.4(2) provides that a guardian of the person of a minor may be appointed if the parent is unfit to assume the duties of guardianship. Thus, an application for guardianship based on that ground must allege the unfitness of the parent to assume the duties of guardianship. Here the application made no such allegation. It is clear that the allegation that the parent was unfit referred to her fitness as a parent and not to her fitness to serve as guardian. This is buttressed by the allegations of neglect in the petition for temporary custody. Estle sought to be appointed guardian of the person of Joshua because his mother had allegedly neglected him—not for the statutory reason that she was unfit to assume the duties of guardianship. While unfitness as a parent may carry over to unfitness to act as guardian, the only statutory ground for appointment of a guardian is unfitness to assume the duties of guardianship. Thus, the only statutory unfitness standard is related to the fitness of a parent to act as guardian. There is no statutory ground for appointment of a guardian because of a parent's neglect of a child.

Because the application did not contain an allegation of a statutory ground for appointment of a guardian, the court properly dismissed the application.[1]

The other point raised need not be discussed because the point ruled on is dispositive.

The judgment is affirmed.

All concur.

---

1. It is not necessary to reach the question of whether or not the application to be appointed guardian must contain an allegation that the parents have previously been adjudged unfit to assume the duties of guardianship, or whether the allegation of unfitness may be made for the first time in the application. Because the application contained no allegation of a statutory ground, such question is not presented in this case.